**\*\*E-Filed 4/6/09\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MOHAMED ABOUELHASSAN,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

NO. C 08-3774 RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Defendant, United States of America, moves to dismiss plaintiff Mohamed Abouelhassan's complaint for lack of subject matter jurisdiction, and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Abouelhassan opposes the motion. For the reasons set forth below, the United States' motion will be granted.

## II. BACKGROUND

The Defense Language Institute ("DLI") hired Abouelhassan, an Arab Egyptian, in April 2006. The duty station in Monterey, California, contained a large yellow Equal Employment Opportunity ("EEO") poster affixed on a central bulletin board in a high traffic area. Koppany Decl., ¶¶ 1-2. The poster published the rule that an employee must initiate contact with an EEO counselor within forty-five days of when that employee suspects he or she has been discriminated against. Abouelhassan attended a Prevention of Office Sexual Harassment ("POSH") training on

1

September 15, 2006, which covered both the substantive and procedural requirements of EEO claims, including the forty-five day rule. First Walker Decl., ¶¶ 1-3.

Abouelhassan alleges that he faced consistent discrimination during his time at DLI from his Russian coworkers, including his immediate supervisor Elena Levintova Allison, whom he is suing in her official capacity. He states that the Russian supervisors degraded him and other Arab translators. Abouelhassan further states that a female colleague, Svetlana Witmer, was hired in March 2006 at a pay rate $500 per month greater than his own.

In May 2007, Abouelhassan claims that he was told he could work remotely from home and in reliance on this agreement, moved to Ceres, California, and purchased a home. Two months later, in July 2007, Abouelhassan returned to his Monterey duty station and was placed on a performance improvement plan. Upon his return, he states that his office was not ready for him because access to office equipment was not available. In October 2007, Allison gave Abouelhassan a job performance rating of three on a scale of one to five based on work performance. He claims that while the average employee developed six to seven lessons, he developed eight lessons and still was given a poor review.

On August 7, 2007, Abouelhassan filed his first *pro se* complaint alleging discrimination under the Equal Pay Act and the Fair Labor Standards Act, intentional infliction of emotional distress, and violation of his equal protection rights under the Due Process Clause of the Fifth Amendment. *Abouelhassan v. United States*, C07-4038 RS. In October 2007, the United States filed a motion to dismiss the complaint. Abouelhassan alleges that it was at this time that he first learned of the forty-five day rule. After learning of that requirement, Abouelhassan met and conferred two days later with an EEO counselor. Thereafter, on November 6, 2007, he retained an attorney. On November 10, 2007, Abouelhassan received notice of his right to file a formal complaint of discrimination, and on November 26, 2007, the EEO office received his formal discrimination complaint.

On April 11, 2008, this Court dismissed Abouelhassan's claims for emotional distress and violation of his due process rights because Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment. On May 19, 2008, the EEO denied Abouelhassan's

1 discrimination complaint.  Subsequently, on July 8, 2008, he filed a new case with a complaint
2 alleging violations of: (1) Title VII (claim one); (2) the Thirteenth Amendment (claims two and
3 three); and (3) equal protection under the Fifth Amendment (claim 5).  The complaint also alleges a
4 claim for intentional infliction of emotional distress (claim four).  On November 6, 2008,
5 Abouelhassan's two cases were related.  At the March 25, 2009 hearing, Abouelhassan
6 acknowledged that his second, third, and fifth constitutional law claims should be dismissed with
7 prejudice.  Only Abouelhassan's Title VII and emotional distress claims therefore remain to be
8 addressed.

### III.  LEGAL STANDARD

10     A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction
11 over the claims asserted.  As Abouelhassan is the party seeking to invoke the court's jurisdiction, he
12 bears the burden of establishing it.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994);
13 *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.
14 1989).  A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be made on the
15 grounds that the complaint fails to present such a jurisdictional basis, i.e., that the lack of jurisdiction
16 appears from the "face of the complaint," or as a matter of fact based on extrinsic evidence apart
17 from the pleadings.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003);
18 *McMorgan & Co. v. First Calif. Mortgage Co.*, 916 F. Supp. 966, 973 (N.D. Cal. 1995).

19     A complaint may be dismissed as a matter of law pursuant to Rule 12(b)(6) for one of two
20 reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal
21 theory.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*,
22 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to dismiss, all allegations of
23 material fact in the complaint are taken as true and construed in the light most favorable to the non-
24 moving party.  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Clegg v.
25 Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

26     "A complaint should not be dismissed unless it appears beyond doubt the plaintiff can prove
27 no set of facts in support of his claim that would entitle him to relief."  *Clegg*, 18 F.3d at 754.  The
28 court, however, "is not required to accept legal conclusions cast in the form of factual allegations if

1 those conclusions cannot reasonably be drawn from the facts alleged." *Id*. at 754-55.  A court's
2 review is limited to the face of the complaint, documents the complaint references, and matters of
3 which the court may take judicial notice.  *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d
4 1399, 1405 n.4 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991).

5 Motions to dismiss generally are viewed with disfavor and are to be granted rarely.  *See*
6 *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Leave to amend must be granted
7 unless it is clear that amendments cannot cure the complaint's deficiencies.  *Lucas v. Dep't of Corr.*,
8 66 F.3d 245, 248 (9th Cir. 1995).  That said, when amendment would be futile, dismissal may be
9 ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845
10 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v. Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986)
11 (*per curiam*).

## IV. DISCUSSION

### A. Title VII Claim

The United States contends that Abouelhassan's failure to exhaust his administrative remedies in a timely manner should result in dismissal of his Title VII claim.  Title VII is a limited waiver of the government's sovereign immunity for claims involving federal employment discrimination.  The waiver, however, is conditioned specifically upon proper and timely exhaustion of EEO administrative remedies.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93-94 (1990). Federal employees must exhaust all available administrative remedies before filing an employment discrimination complaint in a district court.  *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832 (1976); *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002).

The exhaustion of remedies for a Title VII claim requires that a federal employee initiate contact with an EEO counselor within forty-five days from the alleged discriminatory act.  29 C.F.R. § 1614.105(a)(1).  An extension may be granted when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them.  *Id*. § 1614.105(a)(2).  A federal employee's failure to consult with an EEO counselor within the required forty-five day time period is grounds for dismissing the employee's federal Title VII claim.  *See Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003).

4

At the hearing, Abouelhassan suggested that an equitable extension of the forty-five day requirement for the unequal pay claim is proper because the EEO office denial did not indicate that his discrimination complaint was time-barred. Nonetheless, he represented that he could not equitably toll the alleged pay disparity between himself and Witmer, because equitable tolling may be invoked only when the employee has not received actual or constructive notice of the forty-five day requirement. *Leonora v. United States Dep't of State*, 105 F.3d 548, 551 (9th Cir. 1997). Abouelhassan acknowledges that he had constructive notice of the forty-five day requirement from an EEO poster placed in his workplace. He further concedes that he also received EEO training as a Department of the Army civilian employee, which included the EEO filing deadline.

At the same time, Abouelhassan argued at the hearing that there were other adverse personnel actions that may constitute the basis for a discrimination complaint and fall within the forty-five day requirement. He asserts that the alleged constructive termination, placement on the performance improvement plan, and/or poor performance reviews may support his claim for employment discrimination beyond unequal pay. Abouelhassan will be given leave to amend his complaint to include other potentially discriminatory personnel action. The first claim under Title VII, therefore, is dismissed with leave to amend. Abouelhassan may not re-plead his Title VII claim based on unequal pay.

B.     Emotional Distress Claim

Abouelhassan's claim for intentional infliction of emotional distress is similar to that raised in his prior case alleging tort based discriminatory treatment in employment. The Court's April 11, 2008 Order, in the related case, dismissed Abouelhassan's tort claims because Title VII is the exclusive judicial remedy for claims of discrimination in federal employment. *Brown*, 425 U.S. at 835. The same is true of Abouelhassan's emotional distress claim here. The conduct to which Abouelhassan was allegedly subjected occurred while he was a federal employee at a work place. Such claims against the United States can only be litigated under Title VII. *See Williams v. Gen. Servs. Admin.*, 905 F.2d 308, 311 (9th Cir. 1990) (holding that due to its comprehensive scope, Title VII preempts other claims such as tort and constitutional claims that seek to redress wrongs predicated upon discriminatory employment actions). On this basis, the fourth claim for intentional

5

infliction of emotional distress is dismissed with prejudice.

## V.  CONCLUSION

Accordingly, the United States' motion to dismiss is granted as follows:

(1) Claim one (Title VII) is dismissed with leave to amend as noted above.

(2) Claims two and three (under the Thirteenth Amendment), four (intentional infliction of emotional distress), and five (arising under the Fifth Amendment) are dismissed with prejudice.

IT IS SO ORDERED.

Dated:  April 6, 2009

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO DISMISS
C 08-3774 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated:**                                            **Richard W. Wieking, Clerk**

                                                            **By:**_____
                                                                          **Chambers**